IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Kirk Ardell Sjodin,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | **ORDER DENYING PLAINTIFF'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 4:23-CV-00004-RJS<br><br>Chief District Judge Robert J. Shelby |

Before the court is Plaintiff Kirk Ardell Sjodin's Motion to Vacate, Set Aside, or Correct Sentence brought under 28 U.S.C. § 2255[1] and his Motion for Summary Judgment.[2] Both Motions are procedurally improper and are moot in view of Sjodin's appeal to the Tenth Circuit in his underlying criminal case. Accordingly, the Motions are DENIED without prejudice.

## BACKGROUND

In September 2022, Sjodin was indicted for violating 18 U.S.C. § 922(g)(1) after possessing a firearm as a convicted felon.[3] Despite not having been tried, convicted, or sentenced, he filed his self-styled § 2255 Motion in January 2023, arguing his detention was unlawful.[4] He filed a Motion for Summary Judgment in February, arguing the "facts of this case are non-disputable [sic]" and requesting all relief "the court deems as necessary."[5] A bench trial in Sjodin's criminal case was held in April 2023.[6] The court found him guilty and sentenced him

---

[1] Dkt. 1. "Dkt." refers to Case No. 4:23-cv-00004-RJS unless otherwise indicated.

[2] Dkt. 3.

[3] Case No. 4:22-cr-00105-RJS-1, Dkt. 1.

[4] Dkt. 1.

[5] Dkt. 3.

[6] Case No. 4:22-cr-00105-RJS-1, Dkt. 175.

to 42 months' imprisonment, with credit for time served.[7] Sjodin filed an appeal to the Tenth Circuit Court of Appeals in May 2023, raising the same arguments he raised in his § 2255 Motion and at trial.[8]

## ANALYSIS

Under § 2255, the court may "vacate, set aside or correct" a federal prisoner's sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack."[9]

Although Sjodin alleges § 2255 supports his Motion, it is plainly procedurally improper. Section 2255 offers federal prisoners a mechanism to challenge their sentences—implying there first be a sentence. Sjodin filed this Motion in January 2023, several months before both his trial and subsequent sentencing. Therefore, the court does not construe the Motion as one properly brought under § 2255.

Moreover, Sjodin's self-styled § 2255 Motion and the subsequent Motion for Summary Judgment are rendered moot by his appeal in the underlying criminal case. Sjodin has not prosecuted these Motions following his conviction. Rather, he filed an appeal in the Tenth Circuit Court of Appeals challenging his conviction.[10] In view of that appeal, addressing the same issues raised in his Motions, these Motions are now moot.

---

[7] Case No. 4:22-00105-RJS-1, Dkts. 179, 201.

[8] Case No. 4:22-00105-RJS-1, Dkt. 181.

[9] 28 U.S.C. § 2255(a); *see also United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019) (explaining grounds for relief under § 2255).

[10] Case No. 4:22-00105-RJS-1, Dkt. 181.

## CONCLUSION

Sjodin's Motion to Vacate, Set Aside, or Correct Sentence[11] and his Motion for Summary Judgment[12] are DENIED without prejudice, and the Clerk of Court is directed to close the case.

SO ORDERED this 1st day of November, 2023.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[11] Dkt. 1.

[12] Dkt. 3.